# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** CAPITAL MANAGEMENT SERVICES, LP,
*(AVISO AL DEMANDADO):* a Delaware limited partnership;
LVNV FUNDING LLC, a Delaware limited liability
company; RESURGENT CAPITAL SERVICES, LP, a Delaware
limited partnership; and DOES 1 to 10, inclusive,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
EAST COUNTY DIVISION
2011 FEB -1  PM 3:45
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:** KERI FEILEN
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
250 EAST MAIN STREET
EL CAJON, CA  92020-3941

**CASE NUMBER:** 37-2011-00065397-CU-MC-EC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ALYSSON SNOW, Bar NO. 225185                 877-534-2524      619-263-5697
DANIEL BENSON  Bar No. 185686
LEGAL AID SOCIETY OF SAN DIEGO, INC.
110 S. EUCLID AVENUE, SAN DIEGO, CA 92114

DATE: FEB 01 2011                            Clerk, by  M. PACHECO             , Deputy
*(Fecha)*                                    *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465


EXHIBIT A

ALYSSON SNOW (Bar No. 225185)
DANIEL BENSON (Bar No. 185686)
LEGAL AID SOCIETY OF SAN DIEGO, INC.
110 South Euclid Avenue
San Diego, California 92114
Tel.: 619-471-2655
Fax: 619-263-5697
alyssons@lassd.org
danielb@lassd.org

*Attorneys for Plaintiff*
Keri Feilen

FILED
EAST COUNTY DIVISION
2011 FEB -1 PM 3:45
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

EAST COUNTY DIVISION

| | |
|---|---|
| KERI FEILEN, <br><br> Plaintiff, <br><br> vs. <br><br> CAPITAL MANAGEMENT SERVICES, LP, a Delaware limited partnership; LVNV FUNDING LLC, a Delaware limited liability company; RESURGENT CAPITAL SERVICES, LP, a Delaware limited partnership; and, DOES 1 to 10, inclusive, <br><br> Defendant. | CASE NO. 37-2011-00065397-CU-MC-EC <br><br> **UNLIMITED CIVIL CASE** <br><br> COMPLAINT FOR: <br><br> • **VIOLATIONS OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. SECTIONS 1692, *ET SEQ.*;** <br> • **VIOLATIONS OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA CIVIL CODE SECTIONS 1788, *ET SEQ.*; AND,** <br> • **VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTIONS 17200, *ET SEQ.*** |

COMPLAINT

Plaintiff Keri Feilen ("Plaintiff") alleges against Capital Management Services, LP ("Defendant Capital Management"), LVNV Funding LLC ("Defendant LVNV"), Resurgent Capital Services, LP ("Defendant Resurgent"), and DOES 1 through 10 (collectively, "Defendants") as follows:

1. Plaintiff is an individual and is and, at all times mentioned in this Complaint, was a resident of San Diego County, California.

2. Plaintiff is informed and believes that Defendant LVNV is and, at all times mentioned in this Complaint, was a Delaware limited liability company engaged in the business of debt collection in California in the San Diego Eastern Judicial District.

3. Plaintiff is informed and believes that Defendant Resurgent is and, at all times mentioned in this Complaint, was a Delaware limited partnership engaged in the business of debt collection in California in the San Diego Eastern Judicial District.

4. Plaintiff is informed and believes that Defendant Capital Management is and, at all times mentioned in this Complaint, was a Delaware limited partnership engaged in the business of debt collection in California in the San Diego Eastern Judicial District.

5. The true names and capacities, whether individual, corporate, association, or otherwise of Defendants named herein as DOES 1 through 10 are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes that each of the fictitiously named Defendants and/or their agents and employees are responsible in some manner for the events and happenings alleged in this Complaint, and proximately caused Plaintiff's damages.

6. Any and all allegations about Defendants' acts shall mean that Defendants did the acts alleged through their officers, directors, managers, agents, representatives and/or employees while they were acting within the scope of their authority.

7. At all relevant times, Plaintiff is informed and believes and, based thereon, alleges that Defendants are and, all times in this Complaint, were debt collectors who, in the ordinary

/////

-1-

course of business, regularly, on behalf of itself or others, engage in the business of debt collection.

8. This action has been commenced in the proper Court and Judicial District because Plaintiff lives in San Diego County and resided within the Judicial District at the time of commencement of the action.

## BACKGROUND

9. Defendant Capital Management sent a letter ("Capital Management Demand Letter") to Plaintiff attempting to collect an alleged debt on an alleged account related to a CITIBANK – SEARS GOLD MASTERCARD, account number XXXX-XXXX-XXXX-5067. The Capital Management Demand Letter alleges that the "Current Creditor" is "LVNV Funding LLC." Defendant Capital Management alleges that the Capital Management Demand Letter was sent "[o]n behalf of Resurgent Capital Services, LP." A copy of the Capital Management Demand Letter is attached hereto as Exhibit A and is incorporated herein by reference.

10. The Capital Management Demand Letter stated that Plaintiff's alleged balance was $4,909.87.

11. On information and belief, Defendant Capital Management attempted to collect the alleged debt from Plaintiff on subsequent occasions.

12. On information and belief, Plaintiff did not pay nor promise to pay any amount pursuant to a CITIBANK account on or after December 30, 2005.

13. Plaintiff has suffered injury in fact and money damages as a direct and proximate result of Defendants' actions.

## FIRST CAUSE OF ACTION:
### Violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, against All Defendants

14. Plaintiff repeats and realleges the allegations in paragraphs 1 through 13 of the Complaint as if stated fully herein.

/////

/////

-2-

COMPLAINT

15. Section 1692e(2)(A) of Title 15 of the United States Code prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt"... including "false representation of...the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

16. Actions not founded upon an instrument of writing are subject to a two-year statute of limitations. Cal. Code Civ. Proc. § 339. Actions founded upon an instrument of writing, including "[a]n action to recover...upon a book account" or "upon an account stated based upon an account in writing...," are subject to a four-year statute of limitations. Cal. Code Civ. Proc. § 337. "[W]here an account stated is based upon an account of more than one item, the time shall begin to run from the date of the last item." *Id.*

17. On information and belief, Defendants Capital Management, Resurgent, and LVNV misrepresented the character and legal status of the alleged debt to Plaintiff because Defendants attempted to collect on an alleged debt on which they knew they were time-barred from collecting, pursuant to California Code of Civil Procedure sections 337 and 339.

18. Debt collectors are prohibited from making "the threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

19. Defendants Capital Management, Resurgent, and LVNV threatened in the Capital Management Demand Letter to recoup the alleged debt through legal action by requesting a monetary "settlement" in lieu of such action. On information and belief, Defendants Capital Management, Resurgent, and LVNV could not take legal action to recover the debt because it was time-barred.

20. Debt collectors are prohibited from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false...." 15 U.S.C. § 1692e(8).

21. Defendants Capital Management, Resurgent, and LVNV communicated credit information they knew or should have known to be false to Plaintiff by alleging that there was a "balance due" on the purported account.

/////

-3-

22. Debt collectors are prohibited from "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. sec. 1692e(10).

23. The above cited collection activities constitute the use of false representations and deceptive means to collect or attempt to collect a debt.

24. On information and belief, Defendants Capital Management, Resurgent, and LVNV attempted to get Plaintiff to waive any potential statute of limitations defense by requesting that Plaintiff make a payment to "settle" the purported account.

25. Debt collectors are prohibited from falsely representing or implying that accounts have been turned over to innocent purchasers for value. 15 U.S.C. § 1692e(12).

26. On information and belief, Defendants Capital Management, Resurgent, and LVNV falsely represented or implied that Defendant LVNV was an innocent purchaser for value by claiming that the balance or debt was due. On information and belief, Defendant LVNV was not an innocent purchaser for value because a copy of any purported account would have revealed that Plaintiff did not pay nor promise to pay any amount pursuant to such alleged account on or after December 30, 2005.

27. Plaintiff has suffered damages as a direct and proximate result of Defendants' actions.

## SECOND CAUSE OF ACTION:

### Violations of the California Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, *et seq.* against All Defendants

28. Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1 through 27 above.

29. Defendants violated the California Rosenthal Fair Debt Collection Practices Act. Defendants' violations include, but are not limited to violations of California Civil Code section 1788.17 by violating United States Code Title 15, section 1692e; as described above.

/////

/////

30. As a result of the above violations of the Rosenthal Fair Debt Collection Practices Act, Defendants are liable to Plaintiff for her actual damages, statutory damages, attorney's fees and costs.

### THIRD CAUSE OF ACTION:

### Violations of California Business and Professions Code Section 17200, *et seq.* against All Defendants on behalf of Herself and the General Public

31. Plaintiff repeats and realleges the allegations in paragraphs 1 through 30 of the Complaint as if stated fully herein.

32. California Business and Professions Code section 17200, *et seq.* prohibits unfair, unlawful, and fraudulent business practices.

33. Defendants have engaged in unfair competition as defined by California Business and Professions Code section 17200.

34. Defendants' acts and practices as alleged herein are unfair because the utility of the conduct is outweighed by the gravity of the harm it causes. Further, Defendants' conduct is unfair because it offends established public policy or is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers. And, as detailed above and below, Defendants' conduct violates consumer laws, specifically the Federal Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act; violates the spirit of these statutes; and otherwise significantly threatens or harms consumers. Defendants' conduct has caused substantial injury, which was not reasonably avoidable by Plaintiff, and is not outweighed by countervailing benefits to consumers or to competition.

35. Defendants' actions constitute unlawful competition because they engaged in the following acts:

  (a) Violating the Federal Fair Debt Collection Practices Act; and,

  (b) Violating the California Rosenthal Fair Debt Collection Practices Act.

36. Plaintiff suffered injury in fact, including monetary damages, as a direct and proximate result of Defendants' actions.

/////

37. Plaintiff seeks restitutionary relief, pursuant to California Business and Professions Code section 17203.

38. Defendants are engaging, have engaged, and there is a substantial likelihood that they will continue to engage in this unlawful and unfair competition unless enjoined by this Court. As such, pursuant to California Business and Professions Code section 17203, Defendants should be enjoined from unlawful and unfair business acts.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

1. Damages in an amount to be determined at trial;
2. Pursuant to California Business and Professions Code section 17203, that the Defendants be permanently enjoined from violating California Business and Professions Code section 17200, in connection with the violations alleged in this Complaint;
3. Disgorgement under California Business and Professions Code section 17203;
4. Statutory damages in accordance with United States Code Title 15, section 1692k, in the amount of:
   - $1,000.00 for Defendant Capital Management's violations of the Federal Fair Debt Collections Practices Act;
   - $1,000.00 for Defendant LVNV's violations of the Federal Fair Debt Collections Practices Act;
   - $1,000.00 for Defendant Resurgent's violations of the Federal Fair Debt Collections Practices Act;
5. Statutory damages in accordance with California Civil Code section 1788.30(b) in the amount of:
   - $1,000.00 for Defendant Capital Management's violations of the California Rosenthal Fair Debt Collection Practices Act;
   - $1,000.00 for Defendant LVNV's violations of the California Rosenthal Fair Debt Collections Practices Act;

/////

- $1,000.00 for Defendant Resurgent's violations of the California Rosenthal Fair Debt Collections Practices Act;

6. Interest, if applicable;
7. Punitive damages according to proof at trial;
8. Attorney's fees;
9. Costs; and,
10. Any other and further relief that the court considers proper.

Dated: February 1, 2011

Sincerely,

By _____
ALYSSON SNOW
DANIEL BENSON
*Attorneys for Plaintiff Keri Feilen*

-7-

### Verification

I, Keri Feilen, certify and declare that I have read the foregoing Complaint. I declare under oath and the penalty of perjury under the laws of the State of California that the foregoing is true and correct based on my own knowledge, except as to the matters which are therein stated on information or belief, and as to those matters that I believe it to be true.

Executed on February 1, 2011 in San Diego, California.

Dated: February 1, 2011

By _____
Keri Feilen
*Plaintiff*

## DECLARATION OF VENUE

1. My name is Keri Feilen and I am the Plaintiff in this action. If called upon to testify, I have personal knowledge of and could competently testify as to the matters stated herein.

2. This action was filed in the superior court in the county where I reside at the commencement of the action.

3. I presently reside in San Diego County.

I declare this under the penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. I make this declaration on February 1, 2011 in San Diego, California.

Dated: February 1, 2011

By _____Keri Feilen_____
Keri Feilen

-9-

COMPLAINT